# CHARLESTON.

### RICHARDS *v.* RAILROAD.

Submitted September 14, 1904. Decided December 20, 1904.

1. NUISANCE.—*Railroad.*—*Damages.*

   One who purchases a lot near an existing railroad, and sustains damages from its negligent construction and maintenance,. is not barred of recovery of damage by reason of the fact that. the railroad had already been constructed before his purchase. (p. 593).

2. NUISANCE. ·

   Action by one coming to a nuisance for damage from it. (p. 593).

Error to Circuit Court, Wood County.

Action by A. S. Richards against the Ohio River Railroad Company. Judgment for plaintiff. Defendant brings error.

                              *Affirmed.*

J. W. VANDERVORT and VAN WINKLE & AMBLER, for plaintiff in error.

V. B. ARCHER and WM. BEARD, for defendant in error.

BRANNON, JUDGE:

A. S. Richards brought an action against The Ohio River Railroad Company to recover damages to a house and lot in

Williamtown from flood water of the Ohio river, charging that the negligence of the Company consisted in making an embankment for its road in a street in front of his house, and failing to make a culvert under its road of sufficient capacity to allow the flood water to rise equally on both sides of the embankment, causing the water to dam up against the embankment and flow over and down from it with heavy fall upon the lot, and barring the outlet of the water accumulated in a depression between the embankment and the hill in the subsidence of the flood equally with the subsidence of the water of the river, causing the water to stand longer on the lot than it would were the culvert larger.

There was a judgment on demurrer to evidence for the plaintiff. The case is similar to the case of *Uhl* v. *The Ohio River Railroad Company,* decided this term.

I do not think it necessary, for the law governing the case, to write an opinion, as the law is amply laid down in the opinion by Judge Poffenbarger in that case.

There is a feature of this case different from the *Uhl Case.* In this case Richards purchased his property after the railroad had been constructed. This is merely mentioned, but not relied upon as a defense. No authority is cited upon it. It is not supposed that duty of the company to put in a proper passage for water was passed from Richards' grantor to him; but the duty continued, from year to year, as between the company and any one owning the lot, it being no less the duty of the company to protect Richards, though he bought after the construction of the railroad, than it had been to one owning the lot before and after such construction. As the construction and maintenance of the railroad was pursuant to law, we cannot say that its presence was *per se* a nuisance; but its negligent construction and maintenance was a private nuisance in nature as to Richards—the same in effect as to him as if unauthorized, because of negligence. The authority did not authorize negligence. It is a private nuisance in such case. Jaggard on Torts, 788; *Taylor* v. *Railroad,* 33 W. Va. 39.

He had right to assume that the duty would be performed, and was not in any way bound to refrain from buying a residence there because the railroad was already there. If one comes to a nuisance, that does not debar him in legal proceedings for harm from it, or to restrain it. 21 Am. & Eng. Ency.

L. 691; 2 Jaggard on Torts, section 236, p. 774; 1 Wood on Nuisances, sections 76, 802. The same principle applies in this case.

Judgment affirmed.

*Affirmed.*